

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


ROLAND F. MURPHY and
KATHRYN BEERMAN,

     Plaintiffs,

v.                        Civil Action No. 3:14cv870

ROBERT M. ROSS, MAGISTRATE,

     Defendant.


## MEMORANDUM OPINION

This matter is before the Court on Defendant's MOTION TO DISMISS (Docket No. 11). For the reasons set forth below, the motion to dismiss will be granted and Defendant's prior MOTION TO DISMISS (Docket No. 8) will be denied as moot.

### FACTUAL BACKGROUND

Robert M. Ross ("Ross") is a state magistrate for the Commonwealth of Virginia. In this 42 U.S.C. § 1983 action, Roland F. Murphy and Kathryn Beerman ("Plaintiffs") allege that Ross "abandoned his judicial role and duties [when he] fail[ed] to perform as a detached and neutral magistrate" thereby violating the Plaintiffs' constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. Compl., at 2 (Docket No. 4). Specifically, Plaintiffs allege that Ross issued a search warrant when the affidavit entered in support of the

search warrant lacked probable cause, did not establish a nexus between illegal activity and the Plaintiffs' business, and did not provide a detailed description of the persons to be searched or a reliable and credible description of the confidential informant.  Id.  Plaintiffs seek money damages against Ross in the amount of $250,000.00.

## DISCUSSION

## I.   Legal Standard

Ross has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must "provide enough facts to state a claim that is plausible on its face."  Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  A court "will accept the pleader's description of what happened . . . along with any conclusions that can be reasonably drawn therefrom," but "need not accept conclusory allegations encompassing the legal effects of the pleaded facts."  Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 1998); Chamblee v. Old Dominion Sec. Co., L.L.C.,

2014 WL 1415095, *4 (E.D. Va. 2014). "Twombly and Iqbal also made clear that the analytical approach for evaluating Rule 12(b)(6) motions to dismiss requires courts to reject conclusory allegations that amount to mere formulaic recitation of the elements of a claim and to conduct a context-specific analysis to determine whether the well-pleaded factual allegations plausibly suggest an entitlement to relief." Id.

## II.  Analysis

In his motion to dismiss, Ross argues that both judicial immunity and the doctrine of issue preclusion prevent the Plaintiffs from stating a claim plausibly suggesting any entitlement to relief. Based on Ross' judicial immunity contention alone, this Court agrees.

Plaintiffs bring their claim under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

> declaratory decree was violated or
> declaratory relief was unavailable.

It is beyond dispute that judicial officers may not be held liable for an award of money damages if they have acted within their jurisdiction. See Pulliam v. Allen, 466 U.S. 522, 543 (1984); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) ("As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity."); McCluskey v. New York State Unified Court Sys., 442 F. App'x 586, 588 (2d Cir. 2011) ("[T]he claims against the State Defendants are based solely on judicial acts performed by judges in their judicial capacity. Hence, the claims against Chief Judge Lippman are barred by the doctrine of judicial immunity."); Robinson v. Smyth, 258 F. App'x 469, 470 (3d Cir. 2007) ("We agree with the District Court that Judge Smyth is absolutely immune from a suit for money damages. Nowhere in the complaint does Robinson contend that Smyth acted outside his judicial capacity[.]"); Chavez v. Schwartz, 457 F. App'x 752, 754 (10th Cir. 2012) ("Generally speaking, the only type of relief available to a plaintiff who sues a judicial officer is declaratory relief."). There is also no question that magistrates are judicial officers, see Va. Code § 19.2-119 (("'Judicial officer' means, unless otherwise indicated, any magistrate serving the jurisdiction . . ."), or that a state

4

magistrate has authority under state law to issue search warrants, see Va. Code § 19.2-45 ("A magistrate shall have the following powers . . . To issue search warrants in accord with the provisions of §§ 19.2-52 to 19.2-60 of the Code[.]").

Judicial immunity "is vitiated only when the judicial officer acts in the clear absence of all jurisdiction." Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (citing Stump v. Sparkman, 435 U.S. 349 (1978)). Plaintiffs appear to argue that Ross' alleged failure to "comply with specific laws, rules[,] and standards expected of a magistrate" mean that he "abandoned his judicial role" altogether and therefore acted without jurisdiction and the protections of judicial immunity. See Pls.' Resp. at 2 (Docket No. 14); Compl. at 2 (Docket No. 4). But, as a sister court within the Fourth Circuit so wisely summated:

> The problem with the Plaintiff's rationale is that he equates error with a clear absence of all jurisdiction. There is no support in the law for such a proposition. If the Plaintiff were correct in this reasoning, then judicial immunity would not exist because any error would be committed without jurisdiction, and as such would subject the judge to liability. Our judicial system would cease to function under such circumstances.

Griffin v. Thornburg, No. 1:08CV222, 2008 WL 2512901, at *4 (W.D.N.C. June 19, 2008). The Supreme Court itself clearly indicated that "[a] judge will not be deprived of immunity

because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump, 435 U.S. at 356-57 (emphasis added). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Id. at 359 (emphasis added). Instead, the relevant inquiry relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Id. at 362. Because Ross performed a function normally performed by a magistrate in his judicial capacity, he acted within his jurisdiction regardless of whether any errors attended the exercise of this jurisdiction.

Conversely, Plaintiffs argue that Ross "violated declaratory decrees," Pls.' Resp. at 2 (Docket No. 14), and therefore falls within the law's exception that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (emphasis added). However, this alternate route is equally unsuccessful.

6

First, in the context of section 1983, "a declaratory decree refers to an order directing a particular judicial officer to take or refrain from taking a particular action in a particular dispute." Puiia v. Cross, No. 12-CV-54-PB, 2012 WL 3257824, at *3 (D.N.H. Aug. 8, 2012). The Plaintiffs have failed to point to any such declaratory decree. Rather, Plaintiffs point generally to the "laws, rules[,] and standards expected of a magistrate taught through training and outlined in accordance with the Magistrate Manual of Virginia, Canons of Conduct for Virginia Magistrates, Code of Virginia, Constitution of Virginia, and the U.S. Constitution." Pls.' Resp. at 2. These are not "declaratory decrees" within the meaning of section 1983.

Second, the "declaratory decrees" exception in section 1983 merely provides injunctive relief, not money damages. See 42 U.S.C. § 1983 ("injunctive relief shall not be granted unless a declaratory decree was violated") (emphasis added). An injunction is an equitable, nonmonetary remedy wherein the court enters an order "prohibiting someone from doing some specified act or commanding someone to undo some wrong or injury." Black's Law Dictionary 784 (6th ed. 1990). In other words, even if Ross had violated a declaratory decree, this would not provide the grounds necessary to seek $250,000.00 in monetary damages.

7

In short, the Plaintiffs have failed to allege any facts suggesting the existence of a plausible section 1983 claim against a judicial officer clothed with absolute immunity. Because the Court grants Ross' motion to dismiss on this basis, the Court does not reach the question of issue preclusion.

## CONCLUSION

For the foregoing reasons, Defendant's MOTION TO DISMISS (Docket No. 11) will be granted and Defendant's prior MOTION TO DISMISS (Docket No. 8) will be denied as moot.

The Clerk is directed to send a copy of this Memorandum Opinion to the plaintiffs and counsel for the defendant.

It is so ORDERED.

                                    /s/   REP
                            _____
                            Robert E. Payne
                            Senior United States District Judge

Richmond, Virginia
Date: April 14, 2015